# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| DAVID LEE TOMLINSON, JR., <br><br> Petitioner, <br><br> vs. <br><br> JERRY BURT, <br><br> Respondent. | No. C 06-152-MWB <br><br> **MEMORANDUM OPINION AND ORDER REGARDING REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS** |

_____

This Petition For Writ Of Habeas Corpus pursuant to 28 U.S.C. § 2254 comes before the court pursuant to the August 23, 2007, Report and Recommendation (docket no. 23) by Chief Magistrate Judge Paul A. Zoss, in which Judge Zoss recommended that the court grant respondent Jerry Burt's January 17, 2007, Motion To Dismiss (docket no. 8). More specifically, Judge Zoss declined to grant Burt's Motion To Dismiss on procedural grounds, owing to the failure of petitioner David Lee Tomlinson, Jr., who was represented by court-appointed counsel in these proceedings, to respond to that motion. Instead, Judge Zoss concluded that Tomlinson's "due process" and "ineffective assistance" claims were procedurally defaulted and that his "actual innocence" claim, which Judge Zoss concluded was a "procedural" or "gateway" claim of "actual innocence" to overcome procedural default on Tomlinson's other claims, failed as a matter of law, because Tomlinson had not come forward with any "new evidence" of his innocence. Tomlinson filed an Objection To Report and Recommendation (Petitioner's Objection) (docket no. 27) on September 7, 2007. In his Objection, Tomlinson did not dispute that his "due process" and "ineffective assistance" claims are procedurally defaulted, but he did dispute Judge Zoss's conclusion

that his "actual innocence" claim should be dismissed at this stage of the proceedings before he has the opportunity to explore and present that claim as an exception to procedural default of other claims.[1]

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*). However, the plain language of the statute governing review provides only for *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Therefore, portions of the proposed findings or recommendations to which no objections are filed are reviewed only for "plain error." *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for "plain error" where no objections to the magistrate judge's report were filed).

---

[1] By order (docket no. 25) dated August 27, 2007, Judge Zoss quite rightly denied Tomlinson's belated August 24, 2007, Motion To Accept Resistance To Motion To Dismiss As Timely (docket no. 24), on the ground that Tomlinson's counsel had been granted repeated extensions of time to resist the respondent's Motion To Dismiss, but had not done so. Tomlinson then filed the Objection now before the court.

As mentioned briefly, above, Tomlinson expressly does not object to the legal conclusion that his claims are not exhausted and are subject to procedural default. *See, e.g.,* Petitioner's Objection, ¶ 4. Therefore, the court will review the portion of the Report and Recommendation finding procedural default only for "plain error." The court finds no "plain error" in any of the findings or conclusions in the portions of Chief Magistrate Judge Zoss's Report and Recommendation finding that Tomlinson's claims are procedurally defaulted and will accept those parts of the Report and Recommendation. *See Griffini*, 31 F.3d at 692 (the court reviews factual findings for "plain error" where no objections to the magistrate judge's report were filed).

Tomlinson also does not object to Judge Zoss's recognition of an "actual innocence" claim as a way to overcome procedural default of constitutional claims, but he *does* object to Judge Zoss's consideration of his "actual innocence" claim "on the merits" on a Motion To Dismiss.◘² He objects, further, to Judge Zoss's conclusion that he had not made a sufficient showing on such a claim. Instead, Tomlinson argues that, once Judge Zoss concluded that his "actual innocence" claim was "procedural," he should have denied the Motion To Dismiss to allow Tomlinson to brief fully the question of his "actual innocence" as a way of overcoming procedural default of his constitutional claims. He argues that the underlying problem with his conviction is that his trial attorneys had decided that he had committed the charged offenses, the murders of his father and sister and his flight from justice, so that they pursued a mental condition defense contrary to his wishes. He also

---

²Tomlinson also suggests that Burt did not argue in his Motion To Dismiss that Tomlinson could not establish "actual innocence" for whatever purpose, but only contended that Tomlinson's "actual innocence" claim was not a constitutional claim that could stand alone, citing *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Tomlinson stops short of arguing that his "actual innocence" claim should have been considered *both* a "substantive" claim and a "procedural" claim, however.

3

objects to Judge Zoss's adoption of the findings of the Iowa Court of Appeals on his direct appeal, because he disputes the Iowa court's findings. Finally, Tomlinson contends that he should be allowed to investigate several evidentiary issues that he believes will demonstrate his "actual innocence." These objections must be addressed by *de novo* review of the Report and Recommendation. *See Hosna*, 80 F.3d at 306. Upon such *de novo* review, the court finds that Judge Zoss's conclusions regarding the "actual innocence" claim must be modified in part, but otherwise accepted.

First, it is true that "'[a] state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." *See, e.g., Collier v. Norris*, 485 F.3d 415, 425 (8th Cir. 2007) (quoting *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004)). However, "actual innocence" is a claim that may be either "substantive" or "procedural," that is, either a free-standing claim requiring *habeas corpus* relief in and of itself or merely a claim that acts as a "gateway" to consideration of other procedurally defaulted constitutional claims. *See, e.g., Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005). The question here, the court finds upon *de novo* review, is which kind of "actual innocence" claim Tomlinson was trying to assert.

As the Eighth Circuit Court of Appeals has explained,

> *Herrera [v. Collins*, 506 U.S. 390 (1993),] claims are of a substantive nature (actual innocence), while *Schlup [v. Delo*, 513 U.S. 298 (1995),] claims are of a procedural nature (obstacles such as procedural default—also overcome by actual innocence). *Cornell v. Nix,* 119 F.3d 1329, 1334 (8th Cir. 1997). A positive determination under either standard is rare and limited. *Herrera,* 506 U.S. at 404, 113 S. Ct. 853; *Schlup,* 513 U.S. at 315, 115 S. Ct. 851. The burden of proof under *Herrera* is higher than under *Schlup,* since exceptions are permitted only for 'truly persuasive demonstrations of

4

> actual innocence.' *Herrera,* 506 U.S. at 426-27, 113 S. Ct. 853. Under *Schlup,* Cox must show 'it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.' *Schlup,* 513 U.S. at 327, 115 S. Ct. 851.

*Cox*, 398 F.3d at 1031. More specifically,

> *Schlup* explained that a petitioner's request for relief because of actual innocence can be based on different grounds and that the level of proof required to establish "actual innocence" depends upon the type of ground the petitioner bases his or her petition for relief. Of particular relevance to this case, *Schlup* described the difference between Schlup's procedural claim of actual innocence and the substantive claim of actual innocence raised in *Herrera v. Collins,* 506 U.S. 390, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993). In *Herrera,* the petitioner asserted that because he was actually innocent of the crime for which he had been convicted, his execution would constitute cruel and unusual punishment in violation of the Eighth Amendment and violate the Fourteenth Amendment's Due Process Clause. *See id.* at 398, 113 S. Ct. at 859. *Herrera* assumed, without deciding, that "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional." *Id.* at 417, 113 S. Ct. at 869. *Herrera,* however, did not establish the exact level of proof that would hypothetically be required for a substantive claim based on actual innocence because Herrera did not come close to meeting this standard. The Court, however, stated that the standard would be "extraordinarily high." *Id.; accord id.* at 426, 113 S. Ct. at 874 (O'Connor, J., concurring).
> 
> In contrast, Schlup's constitutional claims were not based on his innocence, but instead on his argument that the ineffectiveness of his counsel under *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and the prosecutor's withholding of evidence in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), denied him constitutional [*1334] protections. *See*

5

*Schlup,* 513 U.S. at 314, 115 S. Ct. at 860-61. Schlup, however, faced procedural obstacles to these claims. In cases where the petitioner has filed a successive or abusive writ, or where he or she has committed a procedural default, if the petitioner cannot establish cause and prejudice, he or she can obtain review of his or her constitutional claims only by showing that he or she falls within a narrow class of cases implicating a fundamental miscarriage of justice. Proving "actual innocence" is a way to demonstrate that one's case falls within that narrow class. *See id.* at 314-15, 115 S. Ct. at 860-61. This type of "actual innocence" is not a substantive claim in itself, but is a "gateway" through which a petitioner must pass to obtain review of defaulted substantive claims. In *Schlup,* the petitioner's claim of innocence was not a basis for his relief; instead his actual relief would be based on the validity of his *Strickland* and *Brady* claims. Schlup's innocence claim thus was "'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" *Id.* at 315, 115 S. Ct. at 861 (quoting *Herrera,* 506 U.S. at 404, 113 S. Ct. at 862).

Because Schlup's claim of actual innocence was accompanied with an assertion of constitutional error at trial, the court held that Schlup's procedural default could be excused only if he could show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup,* 513 U.S. at 327, 115 S. Ct. at 867. The Court explained that Schlup's claim of innocence need not meet as high a standard as that imposed on Herrera's substantive claim of innocence.

> Schlup's evidence of innocence need carry less of a burden [than a *Herrera* claimant]. . . .
>
> . . . If there were no question about the fairness of the criminal trial, a *Herrera*-type claim would have to fail unless the federal habeas court is itself convinced that those new facts unquestionably establish Schlup's innocence. On the other hand, if the habeas court were

6

> merely convinced that those new facts raised sufficient doubt about Schlup's guilt to undermine confidence in the result of the trial without assurance that that trial was untainted by constitutional error, Schlup's threshold showing of innocence would justify a review of the merits of the constitutional claims.
>
> *Id.* at 316-17, 115 S. Ct. at 861-62.
>
> While the Supreme Court did not clearly articulate the quantum of proof necessary for a claim based solely on actual innocence when it drew the distinction we quote above, it is evident that such claims require that the court be "convinced that those new facts unquestionably establish [the defendant's] innocence." *Id.* Cornell, however, argues that we should apply to his claim [that a recantation shows that he is actually innocent of the crime] the *Schlup*-gateway standard, which only requires that the new facts raise sufficient doubt about his guilt to undermine confidence in the result of the trial. This argument, however, provides no relief to Cornell, because regardless of whether he can satisfy the *Schlup*-gateway standard, his substantive claim [that a recantation shows that he is actually innocent of the crime] must still meet the *Herrera* standard, which requires him to show new evidence that "unquestionably establishes" his innocence.

*Cornell v. Nix*, 119 F.3d 1329, 1333-34 (8th Cir. 1997) (footnote omitted).

Here, in his *pro se* petition, Tomlinson asserted three grounds for § 2254 relief: "actual innocence," "dew [sic] process," and "ineffective assistance of counsel." Petition (docket no. 3), 5-6. His description of the supporting facts for his "actual innocence" claim, as Judge Zoss accurately characterized it, was a "review[] and attempt[] to refute several pieces of evidence introduced at the trial." Report and Recommendation at 12. However, the court finds the final paragraph of that description, quoted below, particularly telling as to the nature of Tomlinson's claim, as Tomlinson himself understood it:

7

> The defendant is asking the court to look at the factual evidence only and put all prejudices and opinions aside. When the number of things that infer innocen[ce] are more than the number of things that may infer guilt, and there is a re[a]sonable explanation for everything that may infer guilt[,] [t]he court must see reasonable doubt.

Petition at unnumbered page 8. Also, in a *pro se* response to the respondent's Motion To Dismiss, which Judge Zoss ordered stricken, because Tomlinson was by then represented by counsel, Tomlinson had asserted his innocence "pro se every step." *See* Defendant's *Pro Se* Resistance (docket no. 21), 9; *see also* Report and Recommendation at 12 (quoting Tomlinson's *pro se* resistance).

The court reads these statements of Tomlinson's "actual innocence" claim to be attempts to assert that, because he was actually innocent of the crimes for which he had been convicted, his incarceration for life would constitute cruel and unusual punishment in violation of the Eighth Amendment and violate the Fourteenth Amendment's Due Process Clause, *i.e.*, to be a *Herrera*-style "substantive" claim of "actual innocence." *See Cornell*, 119 F.3d at 1333 (describing a "substantive" claim of "actual innocence"). The court finds, in part, that a *pro se* litigant of no more sophistication than Tomlinson is highly unlikely to have understood the necessity to establish a basis for any procedural default on his other constitutional claims, and the pleadings evidence no such understanding, because "actual innocence" is asserted as Tomlinson's first ground for relief, not as any exception to procedural default of other claims. Indeed, the *pro se* petition plainly shows that Tomlinson believes that he is entitled to *habeas* relief, simply because he is actually innocent. Consequently, the Report and Recommendation will be modified to the extent that the court finds that Tomlinson attempted to plead a "substantive" claim of "actual innocence," as well as or in the alternative to a

8

"procedural" claim of "actual innocence" to overcome procedural default of other constitutional claims.

Such a conclusion, however, does not warrant denial of the respondent's Motion To Dismiss. Whatever kind of "actual innocence" claim Tomlinson intended in his *pro se* pleadings, it is clear that he has not even pleaded facts that would meet the "high" or "extraordinarily high" standards for a "substantive" claim of "actual innocence." *See id.* at 1333-34. Even taking the facts pleaded as true and taking all reasonable inferences from such facts as pleaded, Tomlinson's allegations concerning what the evidence shows or implies are not enough for any court to be "convinced that those new facts unquestionably establish [the defendant's] innocence." *Id.* at 1334 (quoting *Schlup*, 513 U.S. at 316); *see also Handeen v. Lemaire*, 112 F.3d 1339, 1347 (8th Cir. 1997) ("[A] court should grant [a Rule 12(b)(6) motion and dismiss the action 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'") (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *accord Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (on a motion to dismiss, the court must take the allegations as true, and "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief."). To put it another way, on the face of his *pro se* petition, Tomlinson has not made any "'truly persuasive demonstrations of actual innocence.'" *Cox*, 398 F.3d at 1031 (quoting *Herrera,* 506 U.S. at 426-27). Indeed, the court does not find that any "new facts" at all have been pleaded, and any inferences from the facts to which Tomlinson points, which were already in the record, are not so one-sided that those inferences "unquestionably establish [the defendant's] innocence." *Id.* Thus, even construed as a "substantive" claim of "actual innocence,"

9

Tomlinson's first claim for *habeas corpus* relief pursuant to § 2254 fails to state a claim upon which relief can be granted.

The court will also overrule Tomlinson's objections to Judge Zoss's disposition of his "actual innocence" claim, construed by both Judge Zoss and Tomlinson's counsel as a "procedural" claim asserted to open a "gateway" for consideration of other procedurally defaulted constitutional claims. The court does not find, as Tomlinson contends, that Judge Zoss improperly considered the merits of such a claim; rather, the court finds that Judge Zoss found such a claim, as pleaded, patently insufficient to meet the applicable standard. Again, a "procedural" claim of "actual innocence" requires the petitioner to "show that 'it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence,'" *Cornell*, 119 F.3d at 1334 (quoting *Schlup,* 513 U.S. at 327, for this standard); *accord Cox*, 398 F.3d at 1031 (also quoting *Schlup*), that is, that "the new facts raise sufficient doubt about his guilt to undermine confidence in the result of the trial." *Id.* As Judge Zoss correctly pointed out, "'[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.'" Report and Recommendation at 13 (quoting *Schlup*, 513 U.S. at 316). As Judge Zoss also correctly pointed out, Tomlinson has not alleged any new evidence at all in support of his "actual innocence" claim, only his "spin" on the inferences to be drawn from evidence presented at trial. *Id.* at 14. His bald assertion in his Objection that investigation of these pre-existing evidentiary issues *might* lead to the required "new evidence" simply misses the point. Upon *de novo* review, and in the alternative to the court's conclusions above concerning a "substantive" claim of "actual innocence, the court will accept Judge Zoss's recommendation to dismiss Tomlinson's "actual innocence" claim, construed as a "procedural" claim.

10

Finally, Tomlinson objects to Judge Zoss's adoption of the findings of fact of the Iowa Court of Appeals on Tomlinson's direct appeal. *See* Report and Recommendation at 2-5 (citing *State v. Tomlinson*, 2001 WL 58436 (Iowa Ct. App. 2001). As Judge Zoss correctly pointed out, however, pursuant to 28 U.S.C. § 2254(e)(1), in a *habeas* proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct," absent rebuttal by the petitioner, by clear and convincing evidence. Here, Tomlinson has simply pleaded no basis to rebut the findings by the Iowa Court of Appeals, let alone a clear and convincing basis to do so. Tomlinson's disagreements with the factual findings of the Iowa Court of Appeals fall far short of what is necessary to rebut them.

THEREFORE, the court **overrules** petitioner Tomlinson's September 7, 2003, Objection To Report and Recommendation (Petitioner's Objection) (docket no. 27); the court **modifies** the Report and Recommendation (docket no. 23) by Chief Magistrate Judge Paul A. Zoss to find that Tomlinson asserted a "substantive" claim of "actual innocence," at least in the alternative to a "procedural" claim of "actual innocence," but finds such a "substantive" claim, as pleaded, fails to state a claim upon which relief can be granted; the court **accepts** the remainder of Judge Zoss's Report and Recommendation; and, consequently, **grants** the respondent's January 17, 2007, Motion To Dismiss (docket no. 8). This matter is **dismissed in its entirety**.

**IT IS SO ORDERED.**

**DATED** this 20th day of September, 2007.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

11